**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No. 1:26-MJ-205 (DJS) |
| | ) | |
| **v.** | ) | |
| | ) | |
| **FRANCISCO PABON,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## DISCOVERY PROTECTIVE ORDER

This matter, having come to the Court's attention on the Joint Application for Entry of a Discovery Protective Order submitted by the United States of America and the Defendant, and the Court, having considered the motion, and being fully advised in this matter, hereby enters the following DISCOVERY PROTECTIVE ORDER:

1. This Discovery Protective Order governs all reports and communications describing third parties and confidential source(s) in any format (written or electronic) that is produced by the government in discovery in the above captioned case.

2. The United States will make available copies of reports and communications describing third parties and confidential source(s), including those filed under seal, to the Defendant's attorney of record to comply with the government's discovery obligations. Possession of copies of the reports and communications describing third parties and confidential source(s) are limited to the Defendant's attorney of record and members of the Defendant's litigation and investigative teams.

3. Defendant's attorney of record and members of the Defendant's litigation and investigative teams may display and review the reports and communications describing third

parties and confidential source(s) with the Defendant. The Defendant's attorney of record and members of the Defendant's litigation and investigative teams acknowledge that providing copies of reports and communications describing third parties and confidential source(s) to the Defendant for him to retain or any other person to retain is prohibited, agree not to duplicate or provide copies of reports and communications describing third parties and confidential source(s) to the Defendant for him to retain or any other person to retain, agree to take precautions to prevent dissemination of the contents of the reports and communications describing third parties and confidential source(s) to any person not authorized to review such information pursuant to this Order.

4. The United States Attorney's Office for the Northern District of New York is similarly allowed to display and review the reports and communications describing third parties and confidential source(s) to lay witnesses, i.e. non-law enforcement witnesses, but is otherwise prohibited from providing copies of the reports and communications describing third parties and confidential source(s) to such individuals.

5. Nothing in this Order should be construed as imposing any discovery obligations on the government or the Defendant that are different from those imposed by case law and/or Rules 16 and 26.2 of the Federal Rules of Criminal Procedure, and Rule 14.1 of the Local Criminal Rules.

6. Any reports and communications describing third parties and confidential source(s) that are filed with the Court in connection with pre-trial motions, trial, sentencing, or other matter before this Court, shall be filed under seal and shall remain sealed until otherwise ordered by this Court. This does not entitle any party to seal their filings as a matter of course. The parties are required to comply in all respects to the relevant local and Federal Rules of Criminal Procedure pertaining to the sealing of court documents.

7. The provisions of this Order shall not terminate at the conclusion of this prosecution.

8. Any violation of any term or condition of this Order by the Defendant, Defendant's attorney of record, members of the Defendant's litigation and investigative teams, any attorney for the United States Attorney's Office for the Northern District of New York, or any other person, may be held in contempt of court, and/or may be subject to monetary or other sanctions as deemed appropriate by this Court.

9. Any reports or communications describing third parties and confidential source(s) provided pursuant to this Order shall be returned to the United States Attorney's Office, including all copies and transcriptions, within ten days of the completion of the case before the Court or, if an appeal is taken, within ten days of the completion of the case in the United States Court of Appeals for the Second Circuit or Supreme Court of the United States.

10. If the Defendant violates any term or condition of this Order, the government reserves its right to seek a sentencing enhancement for obstruction of justice, or to file criminal charges relating to a violation by any person.

IT IS SO ORDERED.

Dated: Nov 10th, 2026.

Honorable Daniel J. Stewart
United States District Judge